IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:23-cr-00272-CNS-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERRANCE GRAY,

    Defendant.

## ORDER

Before the Court is Defendant Terrance Gray's Motion for Revocation of the Detention Order (ECF No. 16). For the following reasons, Mr. Gray's Motion for Revocation of the Detention Order is DENIED.

### I. BACKGROUND

On May 17, 2023, Mr. Gray was indicted on three counts for violations of:

- 18 U.S.C. § 924(c)(1)(A), possession of a weapon in furtherance of a drug trafficking offense;

- 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)), possession with intent to distribute cocaine; and

- 18 U.S.C. 922(g)(1), possession of a firearm by a prohibited person

(*see* ECF No. 1). An arrest warrant was issued that same day (ECF No. 2). Mr. Gray was arrested and had his initial appearance on May 30, 2023 (ECF No. 4; ECF No. 5). On June 2, 2023, the United States Magistrate Judge held a detention hearing; Mr. Gray contested detention (ECF No. 10 at 1). After conducting the detention hearing, the Magistrate Judge ordered Mr. Gray detained

1

pending trial (*see id.* at 4). Mr. Gray filed the instant revocation motion on June 20, 2023 (ECF No. 16). As ordered by the Court, the government filed its Response on June 26, 2023 (ECF No. 20).

## II. LEGAL STANDARD AND STANDARD OF REVIEW

A judicial officer may only order detention pending trial if they find—after a hearing, and pursuant to 18 U.S.C. § 3142(f)'s procedures—that no "condition or combinations of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). *See also United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). At detention hearings, the government bears the burden of proving a defendant's risk of flight by a "preponderance of the evidence" and the burden of proving dangerousness to persons or the community by "clear and convincing evidence." *See, e.g., Cisneros*, 328 F.3d at 616. In making detention determinations, judicial officers must consider the statutory factors set forth in 18 U.S.C. § 3142(g). If—after conducting a detention hearing and considering § 3142(g)'s factors—a judicial officer orders a defendant's detention, their detention order must include written findings of fact and a statement of the "reasons for detention." *Cisneros*, 328 F.3d at 617 (quoting 18 U.S.C. § 3142(i)(1)); Fed. R. App. P. 9(a)(1).

This standard may change based on the offenses charged. For instance, regarding § 924(c)(1)(A), a rebuttable presumption applies that no condition or combination of conditions will reasonably assure the defendant's appearance or safety of individuals in the community. *See, e.g., United States v. Rudolph*, 582 F. Supp. 3d 804, 807 (D. Colo. 2022); 18 U.S.C. § 3142(e)(3)(B). Once § 3143(e)(3)'s presumption is "invoked," the burden of production shifts to the defendant. *Rudolph*, 582 F. Supp. 3d at 807. The defendant's production burden is not heavy, but "some evidence" must be produced. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

2

However, the burden of persuasion regarding a defendant's risk of flight and danger to the community "always remains with the government." *Rudolph*, 582 F. Supp. 3d at 807 (citing *Stricklin*, 932 F.2d at 1354–55).

Where a person is ordered detained by a magistrate judge, they may file with the district court a revocation motion. *See* 18 U.S.C. § 3145(b). A district judge reviews a magistrate judge's detention order de novo. *See, e.g., United States v. Renander*, 431 F. Supp. 3d 1240, 1241 (D. Colo. 2020) (citing *Cisneros*, 328 F.3d at 616 n.1). "[A] district court retains the discretion to decide whether to hold a hearing when conducting its de novo review of a magistrate judge's detention decision." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019). A district judge reviewing a magistrate judge's detention order may consider the evidence presented during the original detention hearing and "may permit the parties to submit new evidence." *United States v. Mendoza-Haro*, No. 12-cr-00242-WJM, 2013 WL 12196762, at *1 (D. Colo. Mar. 1, 2013) (citing *Cisneros*, 328 F.3d at 617).

### III. ANALYSIS

Having considered Mr. Gray's revocation motion and attendant exhibits, the government's Response and attendant exhibits, the Magistrate Judge's detention order, evidence before the Magistrate Judge and evidence on which he based his detention determination, the entire case file, and relevant legal authority, the Court denies Mr. Gray's revocation motion.[1] In arriving at this conclusion, the Court engages in de novo review of the Magistrate Judge's determination that assessment of § 3142(g)'s factors compelled detention (*see* ECF No. 13 at 3–4).

---

[1] A de novo detention hearing would not materially assist the Court's resolution of this matter, and the Court in its discretion declines to conduct one. *See Oaks*, 793 F. App'x at 747. Moreover, there is nothing to indicate that, in requesting that the Court "review" the Magistrate Judge's detention order, Mr. Gray requested a de novo detention hearing (ECF No. 16 at 1).

### A. Nature and Circumstances of Offenses Charged

The first § 3142(g) factor contemplates the "nature and circumstances of the offense[s] charged." § 3146(g)(1). Here, as the Magistrate Judge stated in his detention order and at the detention hearing, the offenses charged against Mr. Gray are extremely serious (ECF No. 13 at 3; ECF No. 16-1 at 18; *see also* ECF No. 1).[2] They involve the possession of a firearm and possession with intent to distribute. *See United States v. Hernandez-Saldivar,* No. 4:22-cr-00266-RDP, 2022 WL 4474893, at *4 (N.D. Ala. Sept. 26, 2022) ("This factor weighs in favor of detention because the charged offense involves the possession of firearms."). And, as the government observes, the potential sentences Mr. Gray may face for these charges, if convicted, are lengthy (*see generally* ECF No. 1; ECF No. 20 at 11–12). *See also United States v. Ambrose*, No. CR-23-00894-001-TUC-SHR(EJM), 2023 WL 4136608, at *3 (D. Ariz. June 22, 2023) ("The charge here is serious and the possible prison sentence creates an incentive to flee.") Moreover, exhibits attached to the government's Response support its contention at the detention hearing that a firearm fell from Mr. Gray's waistband while officers pursued him (ECF No. 20 at 8, 10; ECF No. 20-3 at 2–3; ECF No. 20-5; ECF No. 16-1 at 7; ECF No. 20-4 at 2:15–2:18). Thus, this § 3146(g) factor favors detention. *See United States v. Stumpf*, No. 1:22-cr-00373 KWR, 2022 WL 16961385, at *2 (D.N.M. Nov. 16, 2022).

### B. Weight of Evidence Against the Person

Mindful that the government bears the burden in detention proceedings, *see Cisneros*, 328 F.3d at 616, section 3146(g)'s "weight of the evidence" factor favors detention (ECF No. 20 at 12). Although Mr. Gray offers screenshots from video footage that he contends demonstrates he

---

[2] Mr. Gray alleges in part that the Magistrate Judge made erroneous findings because his findings confusingly related to Mr. Mercado, not Mr. Gray (ECF No. 16 at 3). Not so. The Magistrate Judge, at both the detention hearing and in his detention order, made specific and obvious findings regarding Mr. Gray (*see, e.g.,* ECF No. 16-1 at 15–18; ECF No. 13 at 1, 3).

4

was not engaged in a drug trade, in addition to its proffer, the government offers and cites evidence in its Response demonstrating that Mr. Gray was in possession of a firearm and cocaine when arrested (*see, e.g.,* ECF No. 16 at 4; *see also* ECF No. 20 at 8–9; ECF No. 20-1; ECF No. 20-3; ECF No. 20-4 at 2:15–2:18; ECF No. 20-5).[3] *See also United States v. Bentley*, No. 23-10012-JWB, 2023 WL 2951606, at *3 (D. Kan. Apr. 14, 2023) (determining "weight of the evidence" factor favored detention where the government's proffer indicated weight of evidence against defendant was "strong"); *United States v. Blackson*, No. 23-CR-25 (BAH), 2023 WL 1778194, at *10 (D.D.C. Feb. 6, 2023), *aff'd*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). Thus, considering the weight of this evidence to the extent that it bears on the risk of Mr. Gray's flight and dangerousness to the community, this § 3146(g) factor favors detention. *See United States v. Allen*, No. 16-cr-00169-MSK-GPG, 2019 WL 2151304, at *3 (D. Colo. May 17, 2019) (noting that "weight of the evidence" factor is not a "pre-adjudication of the merits" of a case, but is considered to determine a defendant's risk of "non-appearance or harm to the community"); *see also Rudolph*, 582 F. Supp. 3d at 812 (agreeing with magistrate judge that there was "significant probative evidence" against defendant and that given "the nature of [the] charges and the strength" of the evidence that the defendant had a "strong incentive" to flee); *Cisneros*, 328 F.3d at 618.

### C.  History and Characteristics of the Person

The third § 3146(g) factor considers a defendant's history and characteristics, including, for example, their "physical and mental condition, family ties, employment . . . past conduct, criminal history," and whether at the time of arrest the defendant was on probation or parole. *See* § 3146(g)(3)(A)–(B). The parties, as they did before the Magistrate Judge, debate whether facts

---

[3] Mr. Gray represents that these video screenshots from HALO camera footage have been produced "since the detention hearing" (ECF No. 16 at 4). The Court has, as it may, considered these screenshots in its analysis, and notes that the government appears to have discussed the HALO camera footage at the detention hearing (ECF No. 16-1 at 5). *See also Mendoza-Haro*, 2013 WL 12196762, at *1.

relevant to the Court's analysis of this § 3146(g) factor support detention (*Compare* ECF No. 16 at 10, *with* ECF No. 20 at 5–7). In its de novo review of the Magistrate Judge's detention order, the Court agrees with the Magistrate Judge that consideration of this factor favors detention (*see* ECF No. 13 at 3; ECF No. 16-1 at 17).

To be sure, the Court has considered—as the Magistrate Judge did—the letters of support submitted on Mr. Gray's behalf (*see generally* ECF No. 12; ECF No. 16-1 at 9). For instance, Cynthia Coleman, Mr. Gray's wife, represented that Mr. Gray worked for Coors Tech in Golden, Colorado, and that he was supportive of their children (ECF No. 12 at 1). But the Court must also consider, as the Magistrate Judge did, Mr. Gray's past conduct and criminal history (ECF No. 16-at 17; ECF No. 20 at 7). *See also* § 3146(g)(3)(A); *United States v. Smith*, No. 5:23-MJ-1003, 2023 WL 1097269, at *4 (N.D. Ohio Jan. 30, 2023). And in doing so, Mr. Gray has a criminal history and prior felony conviction, and is certainly aware of the severe nature of the charges against him (*see generally* ECF No. 15). Accordingly, after reviewing the case file in light of § 3146(g)'s enumerated considerations, the Court concludes that this § 3146(g) factor favors detention (*see* ECF No. 16-1 at 17; ECF No. 8). *See also Cisneros*, 328 F.3d at 618 (determining that "although this [§ 3146(g)] factor" had evidence going "both ways" that it "tend[ed] to support a conclusion" that defendant was a flight risk because, in part, of her "present knowledge of the seriousness of the charges against her"); *United States v. Gassaway*, No. 1:21-cr-550-RCL, 2021 WL 4206616, at *4 (D.D.C. Sept. 16, 2021) (concluding that defense counsel's proffer that defendant was employed with a daughter "on the way" was "outweighed" by "other aspects" of defendant's criminal history in analysis of third § 3142(g) factor)).

### D. Nature and Seriousness of Danger to Persons or Community

The final § 3146(g) factor looks to the "nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3146(g)(4). Under this § 3146(g) factor, "[s]afety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022) (quotation omitted). The Magistrate Judge determined that it is a danger to the community to permit a convicted felon "to be riding around in East Colfax with a gun" when charged with the distribution of narcotics and possession of firearms (ECF No. 16-1 at 17–18).[4] The Court agrees. Based on Mr. Gray's criminal history, the relevant evidence, and government's proffer in this criminal matter, if Mr. Gray is not detained he might engage in criminal activity—chiefly the possession of firearms and distribution of narcotics—that would pose a danger to the community's safety. *See Kroeker*, 2022 WL 2610344, at *4. Thus, given that the Court is also concerned for Mr. Gray's risk of flight, this factor favors detention.

\* \* \*

The Court has carefully considered § 3146(g)'s factors. No one factor is dispositive. *See United States v. Bean*, No. 13-cr-00120, 2013 WL 4046707, at *3 (D. Colo. Aug. 8, 2013).[5] Although some facts counsel against detention—for instance, Mr. Gray's employment history and family ties—taking all four § 3146(g) factors into consideration, these "stray facts" do not

---

[4] During the detention hearing, the Magistrate Judge originally stated that Mr. Gray was alleged to be "distributing firearms," but later clarified that the charges concerned the "[d]istribution of narcotics and possession of firearms" (*id.*).

[5] The Court notes some disagreement between other courts regarding the significance of § 3146(g)'s "weight of the evidence" factor in courts' detention analyses. *See, e.g., Blackson*, 2023 WL 1778194, at *9–10 (explaining split in authority). The Court takes no side in this debate, finding only that this factor, like all others, favors detention and affirmance of the Magistrate Judge's detention order.

outweigh the "vast majority" of facts that demonstrate all four factors favor pretrial detention. *Trombley*, 2022 WL 10032574, at *7.[6]

Accordingly—and even assuming Mr. Gray has rebutted the applicable § 3143(e)(3)(B) presumption—the government has met its burden of proving that Mr. Gray poses a risk of flight by a preponderance of the evidence and his dangerousness to the community by clear and convincing evidence. *See, e.g., Cisneros*, 328 F.3d at 616. The record sufficiently demonstrates by clear and convincing evidence that there are no conditions or combinations of conditions the Court could impose that will reasonably assure Mr. Gray's required appearance and the safety of persons and the community. Fundamentally, after engaging in de novo review of the Magistrate Judge's detention order, the Court agrees with the Magistrate Judge that pretrial detention is appropriate.

## IV. CONCLUSION

Consistent with the above analysis, Defendant Terrance Gray's Motion for Revocation of the Detention Order (ECF No. 16) is DENIED. The Magistrate Judge's Order of Detention (ECF No. 13) is AFFIRMED.

DATED this 29th day of June 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[6] In arguing the Magistrate Judge erred in ordering detention and gave undue weight to the government's proffer, Mr. Gray provides a lengthy discussion of the officers' conduct prior to arresting Mr. Gray (*see, e.g.,* ECF No. 16 at 7). According to Mr. Gray, he incurred severe injuries resulting from his interaction with the pursuing officers (*id.* at 9). The Court is sensitive to Mr. Gray's position and injuries. However, at this stage, the Court is tasked with reviewing the Magistrate Judge's detention order—a discrete and specific analytical inquiry. In doing so Mr. Gray's arguments regarding the pursuing officers' conduct fails to persuade that pretrial detention is inappropriate.